# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:09-cr-146

                                      District Judge Thomas M. Rose
- vs -                            Magistrate Judge Michael R. Merz

RONALD GARRETT,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of Defendant Garrett's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 92).  Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

All collateral attacks on criminal convictions filed at the Dayton location of court are referred to the undersigned by General Order Day 13-01.

**Procedural History**

Ronald Garrett was indicted by the grand jury for this District on September 22, 2009, and charged with thirty-six felony counts involving controlled substances and firearms (Indictment, ECF No. 11). On August 20, 2010, in a written plea agreement, Garrett agreed to plead guilty to Count One of the Indictment, charging him with conspiracy to distribute at least fifty grams of crack cocaine and at least 100 grams of heroin, cocaine, and marijuana (ECF No. 54, PageID 307, ¶ 1). Garrett entered a guilty plea on August 23, 2010, and Judge Rose referred the case to the Probation Department for a Presentence Investigation Report ("PSR"). Having reviewed and adopted the PSR, Judge Rose sentenced Garrett to 150 months imprisonment on December 14, 2010 (Judgment, ECF No. 74). Although there has been some post-judgment motion practice, Garrett took no appeal. With the assistance of appointed counsel he filed the instant Motion to Vacate on June 23, 2016 (ECF No. 92).

# ANALYSIS

Garrett claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United*

*States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). The residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson. United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

The PSR in this case recommended that Garrett be classified as a career offender on the basis of his prior convictions for aggravated trafficking in drugs in the Montgomery County Common Pleas Court in Case No. 93-CR-336 and domestic violence in the same court's case No. 04-CR-3090 (PSR, ¶¶ 92, 99, 102). Garrett does not contest that the aggravated trafficking offense is a proper predicate conviction, but claims the domestic violence conviction is not (Motion, ECF No. 92, PageID 420).

Garrett relies on *United States v. Bell,* 612 Fed. Appx. 378, 2015 U.S. App. LEXIS 14326 (6th Cir. 2015). *Bell* was on direct appeal from a conviction under the Armed Career Criminal Act ("ACCA"). The ACCA requires three prior qualifying predicate convictions and Bell claimed one of his Tennessee convictions for aggravated assault did not qualify. The Sixth Circuit first affirmed, but the Supreme Court entered a GVR decision. *Bell v. United States*, 135 S. Ct. 2934 (2015). On remand, the Sixth Circuit reversed, holding

> *Johnson* dictates that Bell cannot be sentenced as an armed career criminal in this case. Aggravated assault is not one of the enumerated offenses listed in the ACCA. The government previously conceded that Tennessee Code Annotated § 39-13-102(c)'s definition of aggravated assault does not categorically meet the "use of force" clause requirements. *United States v. Bell*, 575 F. App'x 598, 601 (6th Cir. 2014), cert. granted, judgment vacated, 135 S. Ct. 2934, 192 L. Ed. 2d 968, 2015 WL 641256 (2015) (mem.). The government also did not argue that, applying the modified categorical approach, Bell had been convicted of a "use of force" violent felony. Appellant Br. at 26-27. Thus, the residual clause provides the sole avenue by which Bell's prior conviction could qualify as a violent felony, and in our prior

3

> decision we relied on the residual clause to find that it did. *Bell*, 575 F. App'x at 607. In light of *Johnson*'s holding that the residual clause is unconstitutionally vague, Bell's aggravated assault conviction no longer qualifies as a violent felony. Therefore, we reverse the district court's determination that Bell is an armed career criminal under the ACCA and remand for resentencing.

*Bell,* 612 Fed. Appx. at at 379-80.

The PSR reflects that Garrett was convicted under that portion of Ohio's domestic violence statute which requires that a person act knowingly. The statute provides "[n]o person shall knowingly cause or attempt to cause physical harm to another." Ohio Revised Code § 2919.25(A). Under U.S.S.G. § 4B1.2, a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Thus prima facie, a felony conviction under Ohio Revised Code § 2919.25(A) is a crime of violence without any resort to the residual clause. Garrett cites no authority from the Sixth Circuit (or any other federal circuit) which holds that an Ohio domestic violence conviction is a crime of violence only by virtue of the residual clause. Therefore Garrett's claim is without merit.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the § 2255 Motion be DISMISSED with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify

to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 5, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).